**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

Nationwide Agribusiness Insurance Company a/s/o Italgrani USA, Inc.,

Plaintiff,

vs.

Structures Unlimited, LLC, Accu-Steel, Inc., and Harderbuilt, LLC,

Defendant.

**ORDER GRANTING DEFENDANT HARDERBUILT LLC'S MOTION FOR SUMMARY JUDGMENT**

Case No. 1:22-cv-206

---

Before the Court is the Defendant Harderbuilt, LLC's ("Harderbuilt") motion for summary judgment filed on January 31, 2025. See Doc. No. 62. The Plaintiff filed a response in opposition to the motion on February 21, 2025. See Doc. No. 65. The Defendant filed a reply brief on March 7, 2025. See Doc. No. 66. For the reasons set forth below, Harderbuilt's motion for summary judgment is granted.

## I. BACKGROUND

In November of 2016, the Renville Elevator Company ("Renville Elevator") and Structures Unlimited, LLC ("Structures Unlimited") entered into a construction contract that called for Structures to build the Renville Elevator a dry fertilizer storage building ("Building") in Tolley, North Dakota. See Doc. No. 52-2. The Renville Elevator is owned by Italgrani USA. Inc. ("Italgrani") which is insured by the Plaintiff, Nationwide Agribusiness Insurance Company ("Nationwide"). Harderbuilt, as a subcontractor for Structures Unlimited, was the entity that actually

performed the construction which occurred in 2017. See Doc. No. 29-1.

In January of 2021, the Building was damaged during a wind event. Nationwide alleges the damage was due to the use of steel cable assemblies instead of heavy duty SS zip ties which were called for in the construction drawings. Specifically, on the north sidewall and part of the south sidewall, steel cable assemblies were used to fasten the anchor straps at the building columns which failed, causing damage to the Building. The steel cable assemblies utilized by Harderbuilt were supplied by Defendant Accu-Steel, Inc. ("Accu-Steel").

Nationwide insured the Building under an insurance policy issued to Italgrani and is seeking to recover amounts paid as part of an insurance claim. Nationwide, as a subrogee of Italgrani, commenced this action against Structures Unlimited in December of 2022. See Doc. No. 1. In June of 2023, Nationwide filed an amended complaint adding claims of negligence against Accu-Steel and Harderbuilt. See Doc. No. 27. The claims between Nationwide and Structures Unlimited have been settled. See Doc. Nos. 54 and 55.

Structures Unlimited and the Renville Elevator entered into a written contract for the Building, which was signed November 11, 2016 ("Construction Contract"). See Doc. No. 52-2. The Construction Contract identifies the Renville Elevator (now owned by Italgrani) as the Owner and Structures Unlimited as the Contractor. After the Construction Contract was signed, Harderbuilt was substituted for Paramount Installers, LLC as the subcontractor responsible for constructing the Building. The Construction Contract provides the Renville Elevator was to pay Structures Unlimited $1,320,000.00 for the constructing the Building. The Construction Contract contains a choice of law provision calling for the Wisconsin law to govern the interpretation and performance of the contract. See Doc. No. 52-2, ¶ 21.

Section 12 of the Construction Contract provides the Renville Elevator must purchase and maintain a builders risk insurance policy. Specifically, Paragraph 12 provides, in part:

> The Owner shall purchase and maintain builders risk property insurance in the amount of the initial Contract Sum as well as subsequent modifications thereto for the entire Work at the site on a replacement cost basis. Such builders risk property insurance shall be maintained until final payment has been made to the Contractor. **This insurance shall include interests of the Owner, the Contractor and Subcontractors in the Work. Structures Unlimited, LLC and Paramount Installers, LLC must be named as additional insured on the policy**.
>
> Builders risk property insurance shall be on an "all-risk" policy form and shall insure against the perils of fire and extended coverage and physical loss or damage including, without duplication of coverage, theft, vandalism, accidental loss, damage or destruction of property, malicious mischief, collapse, false work, temporary building and debris removal including demolition occasioned by enforcement of any applicable legal requirements, and shall cover reasonable compensation for Architect's services and expenses required as a result of such insured loss.

See Doc. No. 52-2, ¶ 12 (emphasis added).

Paragraph 13 in the Construction Contract provides a waiver of subrogation. Paragraph 13 provides as follows:

> **Waiver of Subrogation**. Owner and Contractor waive all rights against each other and against **all other subcontractors** and Owner for loss or damage to the extent reimbursed by any builders risk property or equipment insurance applicable to the work, except such rights as they may have to the proceeds of such insurance. If any applicable policies of insurance require an endorsement or consent of the insurance company to provide for continued coverage where there is a waiver of subrogation, the owners of such policies shall make reasonable efforts to cause them to be so endorsed or obtain such consent.

See Doc. No. 52-2, ¶ 13 (emphasis added).

Structures Unlimited and Harderbuilt constructed the Building in 2017. Nationwide's "builders risk property insurance" policies for the applicable year contains the following waiver of subrogation provision:

> **Subrogation** – If "we" pay for a loss, "we" may require you to assign to "us" "your" right of recovery against others. "You" must do all that is necessary to secure "our" rights. "We" will not pay for a loss if "you" impair this right to recover.
>
> "You" may waive "your" right to recover from others in writing before a loss occurs.

See Doc. No. 52-4, p. 43.

Nationwide contends it is entitled to subrogation based on the allegations of faulty construction work which would have taken place in 2016-2017. Nationwide seeks damages from Harderbuilt on the basis of negligence. Specifically, the amended complaint alleges Harderbuilt owed a duty to use reasonable care in completing the Building in a workmanlike manner, Harderbuilt breached its duties by improperly constructing the Building, and as a direct and proximate cause of Harderbuilt's negligence, damages ensued. See Doc. No. 27, ¶¶ 33-36.

Harderbuilt has moved for summary judgment which Nationwide opposes. Trial is scheduled to begin on January 12, 2026.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id. The purpose of summary judgment is to assess the evidence and determine if a trial is genuinely necessary.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the responsibility of informing the court of the basis for the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The non-moving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. Id.; Fed. R. Civ. P. 56(c)(1). If the record taken as a whole and viewed in a light most favorable to the non-moving party could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and summary judgment is appropriate. Matsushita, 475 U.S. at 587.

## III. LEGAL DISCUSSION

Harderbuilt seeks dismissal of Nationwide's claims against Harderbuilt contending that Nationwide's negligence claim against Harderbuilt is barred by a valid and enforceable waiver of subrogation contained in the Construction Contract between the Renville Elevator and Structures Unlimited for the construction of the Building. Harderbuilt contends Nationwide cannot recover under a subrogation theory when its insured clearly and unambiguously waived such subrogation rights, when the Nationwide insurance policy expressly allowed such waivers, and when Nationwide accepted premiums to pay for the insured loss. Nationwide argues Harderbuilt was not a party to the Construction Contract and the Construction Contract is unenforceable because it was breached first

by Harderbuilt. It is undisputed that Harderbuilt was a subcontractor for Structures Unlimited and performed the actual work of constructing the Building.

Nationwide filed this action in the District of North Dakota in December of 2022. Jurisdiction in this case is based upon diversity of citizenship. 28 U.S.C. § 1332. Venue is proper in North Dakota which is where the Building was constructed. The single claim by Nationwide against Harderbuilt is for negligence. Thus, North Dakota law applies to this diversity action. See Guardian Fiberglass, Inc. v. Whit Davis Lumber Co., 509 F.3d 512, 515 (8th Cir. 2007) (federal district court sitting in diversity must apply the forum state's substantive law).

Although the contract calls for the Construction Contact to be governed by Wisconsin law both as to interpretation and performance, the action is not one for breach of contract but for negligence. The motion relies on subrogation principles. The Court will apply the substantive law of North Dakota but will look to Wisconsin law insofar as necessary to interpret the Construction Contract while noting there do not appear to be any significant differences between North Dakota law and Wisconsin law in the interpretation of a contract. Compare Riedlinger v. Steam Bros., Inc., 826 N.W.2d 340, 346 (N.D. 2013) (reviewing North Dakota contract interpretation principles) with Tufail v. Midwest Hosp., LLC, 833 N.W.2d 586, 592 (Wis. 2013) (reviewing Wisconsin contract interpretation principles). The insurance policy issued by Nationwide to Italgrani does not contain a choice of law provision.

In North Dakota, "[s]ubrogation is a legal operation by which a third person who pays a creditor succeeds to his rights against the debtor as if he were the assignee." Burgener v. Bushaw,545 N.W.2d 163, 167 (citations and quotations omitted). In the context of insurance, when an insurer pays for a loss of its insured, it acquires an interest in the rights that its insured had against

the person who is responsible for the loss. Ness v. St. Aloisius Hosp., 313 N.W.2d 781, 782 (N.D. 1981). The North Dakota Supreme Court has stated:

> Subrogation is an equitable remedy which provides for an adjustment between parties to secure the ultimate discharge of a debt by the person who, in equity and good conscience, ought to pay for it. Generally, when an insurer pays its insured for a loss, the insurer is subrogated to the insured's right of action against any third party responsible for the loss. However, an insurer is not entitled to subrogation from its own insured for a claim arising from the very risk for which the insured was covered. American National Fire Ins. Co. v. Hughes, 2003 ND 43, ¶ 8, 658 N.W.2d 330 (citations omitted). "An insurer is not entitled to subrogation from entities named as insureds in the insurance policy, or entities deemed to be additional insureds under the policy." Id. This insurance principle is called the antisubrogation rule. Black's Law Dictionary 104 (8th ed. 2004). "An entity not named as an insured in an insurance policy is considered an additional insured when, under the circumstances, the insurer is attempting to recover from the insured on the risk the insurer had agreed to take upon payment of premiums. Hughes, at ¶ 8.

Tri-State Ins. Co. of Minn. v. Com. Grp. W., LLC, 698 N.W.2d 483 (N.D. 2005).

In this case, Nationwide claims a subrogation interest in its insured's claim(s) against Harderbuilt and the other defendants. In essence, Nationwide seeks to "stand in the shoes" of its insured, Italgrani. See BancInsure, Inc. v. BNC Nat. Bank., N.A., 263 F.3d 766, 773 (8th Cir. 2001) (applying North Dakota law). However, the insurer can have no greater right to pursue a claim than the insured. Hughes, 658 N.W.2d at 333-34.

In the Construction Contract, Renville Elevator/Italigrani and Structures Unlimited waived "all rights against each other and against all other subcontractors." See Doc. No. 52-2, ¶ 13. Harderbuilt is a subcontractor of Structures Unlimited and the waiver clearly applies to "all other subcontractors" whether specifically named or not Id. The insurance policy issued by Nationwide to Renville Elevator/Italigrani has a subrogation clause which provides the insured "may waive your right to recover from others in writing before the loss occurs." See Doc. No. 52-4, p. 43. North

Dakota's subrogation principles make it clear that Nationwide does not have any greater right to pursue a claim against Harderbuilt than Renville Elevator/Italigrani does, and Nationwide does not have any rights whatsoever that Renville Elevator/Italigrani waived. Hughes, 658 N.W.2d at 333-34. Therefore, because Renville Elevator/Italigrani does not have a right to pursue a claim against Harderbuilt, neither does Nationwide.

In addition, North Dakota law would consider Harderbuilt an implied co-insured under the Nationwide policy. It is undisputed Harderbuilt is a subcontractor of Structures Unlimited. The Construction Contract required the Renville Elevator to obtain business risk insurance that covered all subcontractors and named Structures Unlimited and Paramount Installers, LLC as additional named insureds. See Doc. No. 52-2, ¶ 12 ("This insurance shall include interests of the Owner, the Contractor and Subcontractors in the Work."). Renville Elevator failed to do so. Harderbuilt was substituted for Paramount Installers, LLC as the subcontractor who actually constructed the Building after the Construction Contract was signed, but is clearly a subcontractor. One who contracts to obtain insurance and fails to do so becomes the insurer. See Tri-State, 698 N.W.2d at 490-91. Thus, the Renville Elevator not only waived all its rights against Harderbuilt in the Construction Contract, in the Waiver of Subrogation clause, but became the insurer of Harderbuilt by failing to name all subcontractors as additional insureds under the Nationwide policy.

The Nationwide policy also contemplates subcontractors would be covered under the policy. See Doc. No. 52-4, p. 19 (stating the property covered includes "your contractual liability for the interest of contractors and subcontractors in buildings and additions to building under construction"). The parties clearly intended for Harderbuilt to be an additional insured under the Nationwide policy. Thus, Harderbuilt would be considered an implied co-insured under North Dakota law. See

Tri-State, 698 N.W.2d at 487. To permit Nationwide's claim to go forward would impermissibly allow Nationwide to "recover from the insured on the risk the insurer had agreed to take upon payment of premiums." Hughes, 658 N.W.2d at 333-34 (noting such an outcome would violate the equitable principles upon which the remedy of subrogation is based).

Nationwide argues Harderbuilt first breached the Construction Contract and therefore Nationwide (and its insured Italgrani) are excused from their obligations under the contract. This argument fails because Nationwide has not brought a breach of contract claim against Harderbuilt, likely because Harderbuilt was not a party to the contract. Rather, Nationwide has brought a single claim of negligence against Harderbuilt. Furthermore, faulty construction is the precise risk which Nationwide agreed to insure against when it provided a builder's risk policy to its insured. Harderbuilt is entitled to summary judgment.

## IV. CONCLUSION

The Court has carefully reviewed the record, the parties' briefs, and the relevant case law. For the reasons set forth above, the Harderbuilt's motion for summary judgment (Doc. No. 62) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 8th day of May, 2025.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court